[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 04-15196
Non-Argument Calendar

———————————————

Agency No. A97-199-673

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

FRIED GLENN SUMAMPOUW,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

———————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

———————————————

(June 10, 2005)

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Fried G. Sumampouw, an Indonesian native and citizen who is ethnically Chinese and Christian, appeals the BIA's denial of his motion for reconsideration of its decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Sumampouw was admitted to the United States as a visitor on December 23, 1999, and after remaining beyond the authorized period, he filed an application for asylum and withholding of removal under the CAT on May 8, 2003. An immigration judge ("IJ") concluded that Sumampouw was ineligible for asylum because he did not file his application within one year of entering the United States, and had not demonstrated exceptional circumstances that would excuse the untimely filing. The IJ also found that, because Sumampouw had not demonstrated past persecution, he was not entitled to withholding of removal or relief under the CAT. On June 17, 2004, the BIA issued a written opinion affirming the IJ's decision. Sumampouw did not immediately appeal this decision, but rather filed a motion for reconsideration with the BIA. On October 8, 2004 – after the BIA denied his motion for reconsideration – Sumampouw filed a petition for review with us.

## I Jurisdictional Issues

We review *de novo* whether we have subject-matter jurisdiction. *See Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally

2

have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. *See* 8 U.S.C. § 1252(a)(1), (b)(1). The statutory time limit for filing a direct petition for review in an immigration case is "mandatory and jurisdictional," and is not subject to equitable tolling. *See Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995) (construing the former 90-day period for filing a petition for review). A motion to reconsider or reopen filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. *See id.* at 405–06, 115 S. Ct. at 1549.

Sumampouw filed his petition for review nearly four months after the BIA issued its decision, in excess of the 30 days allowed by the statute. Thus, our jurisdiction is limited to reviewing the denial of Sumampouw's motion for reconsideration. In addition, we lack jurisdiction to review the BIA's determination that Sumampouw's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *see also Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1217–18 (11th Cir. 2002) (holding that § 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing).

## II. The Denial of Sumampouw's Motion for Reconsideration

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003), *cert. denied*, 125 S. Ct. 38 (2004). Where the BIA has properly affirmed an IJ's initial order, denial of an alien's motion for reconsideration is appropriate. *See id.* at 1340–41. Furthermore, we review the IJ's or BIA's findings of fact, including determinations of past persecution, under the substantial evidence test. *Al Najjar v. U.S. Att'y Gen.*, 257 F.3d 1262, 1283 (11th Cir. 2001) (internal quotation omitted). We must affirm the decision if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284. Using this highly deferential standard of review, we must defer to the decision unless the evidence compels a reasonable fact finder to find otherwise. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815 (1992).

"An alien seeking withholding of removal under the INA must show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (citing 8 U.S.C. § 1231(b)(3)(A)). The alien bears the burden of demonstrating by a preponderance of the evidence that he would be persecuted or tortured upon his return to the country in question. *Id.* An alien can meet his burden by showing either: (1) "past

persecution in his country based on a protected ground," in which case a rebuttable presumption is created that his life or freedom would be threatened if he was returned to his country; or (2) "a future threat to his life or freedom on a protected ground in his country." *Id*. However, we have indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation and citation omitted).

Sumampouw set forth the following grounds for withholding of removal: (1) there was a series of riots in 1998 in which Muslims destroyed Christian churches; (2) he and a companion were attacked in late 1999 by a group of Muslims who shouted ethnic and religious epithets; (3) his companion was killed in this incident; (4) at some point before that incident, his house was often stoned for unknown reasons; and (5) the Indonesian police would not investigate complaints made by a Chinese Christian without a bribe.

Even accepting this testimony – which the IJ credited – as true, the incidents that Sumampouw described do not constitute persecution. Because the most serious incidents — the riots and that attack on Sumampouw and his companion — were separated by more than a year, the BIA concluded that these

5

two incidents were isolated in nature and therefore did not rise to the level of persecution. Furthermore, Sumampouw did not contact the police after these incidents. Therefore, the IJ concluded that he could not meet his burden of establishing that the government would not protect him. Because the BIA's determination about past persecution is supported by substantial evidence, we must defer to it. Thus, the BIA's denial of Sumampouw's claim for withholding of removal was proper, and the BIA did not abuse its discretion by denying his motion for reconsideration.

Having reviewed the parties' briefs and the record and found no error, we affirm.

**AFFIRMED.**