[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
November 10, 2005
**THOMAS K. KAHN**
**CLERK**

No. 05-11579
Non-Argument Calendar
_____

Agency Nos. A95-546-404
& A95-546-405

HAROLDO LOPEZ,
JULIA P. TORRES,
SOFIA M. LOPEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 10, 2005)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Haroldo Lopez, Julia P. Torres, and Sofia M. Lopez, through counsel, seek review of two Board of Immigration Appeals ("BIA") decisions (1) affirming the Immigration Judge's ("IJ") order finding them removable and denying their application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c), and (2) denying their motion to reconsider.

Petitioners challenge the BIA's December 10, 2004, decision affirming the IJ's decision. However, we do not have jurisdiction to consider this claim.

"We review questions of subject matter jurisdiction *de novo*." *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. *See* Immigration and Nationality Act ("INA") § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). We have held that "[s]ince the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam) (citing *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995)). A motion to reconsider filed with the BIA does not

2

suspend the finality of the underlying BIA order and does not toll the review period. *Stone*, 514 U.S. at 405-06, 115 S. Ct. at 1549 (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. § 1105a(a)).

We conclude that we are without jurisdiction to review the BIA's final order of removal issued on December 10, 2004. The petitioners were required to file a petition for review of their underlying claims by January 10, 2005. However, they did not do so until March 22, 2005. While the petitioners filed a motion to reconsider the BIA's summary affirmance on January 10, 2005, this filing did not toll the limitations period for filing a petition for review in this Court. *See id.*

Though we retain jurisdiction to review the March 3, 2005, BIA order denying the petitioners' motion for reconsideration, they fail to raise any argument with respect to this motion. Accordingly, this claim is abandoned. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2005) (citations omitted).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Based on the foregoing, we dismiss the petition for review in part and deny the petition for review in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**