[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 11, 2006
THOMAS K. KAHN
CLERK

No. 05-15770
Non-Argument Calendar

_____

Agency Nos. A78-581-700
A77-921-883

RICARDO E. VILLARREAL,
LUZ MARINA LLANOS ROJAS,
JUAN VILLARREAL LLANOS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 11, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ricardo E. Villarreal, Luz Marina Llanos Rojas, and Juan Villarreal Llanos,

through counsel, petition for review of the Board of Immigration Appeals's

("BIA") decision. The BIA affirmed the Immigration Judge's ("IJ") order denying

their application for asylum and for withholding of removal under the Immigration

and Nationality Act ("INA") and the United Nations Convention Against Torture

and Other Cruel, Inhuman, or Degrading Treatment or Punishment.[1] For the

reasons set forth below, we grant the petition in part, dismiss in part, and remand to

the BIA for further proceedings.

I.

Petitioners contend that their application for asylum was not time-barred

because their late filing was justified.  The government argues that we do not have

jurisdiction to review the BIA's finding on this issue.

We review subject-matter jurisdiction <u>de novo</u>.  <u>Brooks v. Ashcroft</u>, 283

F.3d 1268, 1272 (11th Cir. 2002).  An alien can apply for asylum if he

"demonstrates by clear and convincing evidence that the application has been filed

within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. §

1158(a)(2)(B).  However, "[a]n application for asylum of an alien may be

considered . . . if the alien demonstrates to the satisfaction of the Attorney General

---

[1]Petitioners do not make any argument on appeal regarding the United Nations Convention Against Torture. They argue only that the BIA improperly denied their applications for asylum and withholding of removal.

2

either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." 8 U.S.C. § 1158(a)(2)(D). Although the BIA may consider an untimely asylum application where the applicant meets one of the exceptions to the one-year deadline, "no court shall have jurisdiction to review any determination of the Attorney General under [section 1158(a)(2)]." Mendoza v. U.S. Att'y General, 327 F.3d, 1283, 1287 (11th Cir. 2003) (quoting 8 U.S.C. § 1158(a)(3)) (alteration in original). We have held that § 1158(a)(3) divests this court of jurisdiction to review the BIA's determination that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse his untimely filing. See id. We have recently held that jurisdictional provisions in the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), did not affect prior precedents on this issue, such as Mendoza. Chacon-Botero v. U.S. Att'y General, 427 F.3d 954, 957 (11th Cir. 2005).

The IJ determined that petitioners' asylum application was untimely and that they had failed to establish changed or extraordinary circumstances to excuse the untimeliness. Accordingly, we lack jurisdiction to consider petitioners' argument on appeal that the BIA erred in this regard, and we dismiss the petition for review

3

as to petitioners' claims for asylum.

## II.

Next, petitioners challenge the BIA's denial of their withholding of removal claim. Petitioners argue that they have suffered past persecution and have a well-founded fear of future persecution because of Villarreal's political opinion. In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The alien must show that it is "more likely than not that she will be persecuted or tortured upon being returned to her country." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005).

"If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to his country unless the INS shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so." Mendoza, 327 F.3d at 1287. "An alien who has not shown past persecution,

4

though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." Id.

In evaluating a claim for withholding of removal, an IJ does not have the discretion to refrain from making a determination as to the existence of past persecution if the applicant has presented credible evidence of such persecution. Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1265 (11th Cir. 2004). The failure to make such a determination precludes meaningful review. Id.

In the instant case, Villarreal presented evidence that his wife was abducted in Colombia for four hours because of his political activity. The IJ found this evidence credible, but failed to make a determination of whether Villarreal had suffered past persecution.[2] If Villarreal suffered past persecution, he is entitled to a presumption that his life or freedom would be threatened by returning to Colombia. In that situation, the burden would shift to the INS to prove, by a preponderance of the evidence, that Villarreal's life or freedom is not threatened in Colombia. Here, the IJ did not apply that presumption, although the IJ found Villarreal's testimony credible. The IJ stated:

> Even though I've viewed the record in the likable [sic] favor to the respondent, even though I find that the respondent's family did suffer some mistreatment, the wife was kidnaped, I cannot find that the record would allow me to find that it is more likely than not that the

---

[2]Rojas and Llanos are deriative claimants on Villarreal's application.

5

respondent or a family member would suffer persecution in the future if the family had to return to Colombia.

The IJ mentioned past mistreatment, but only discussed it in relation to whether Villarreal and his family had a well-founded fear of future persecution. The IJ did not make any explicit finding with regard to whether or not Villarreal or his family suffered past persecution.

"Where an applicant for withholding of removal sets forth credible evidence that she has suffered past persecution in the proposed country of removal, 8 C.F.R. §208.16(b)(1)(i) requires the IJ to make a finding regarding past persecution." Antipova, 392 F.3d at 1265. Here, the IJ made no determination of whether petitioners had suffered past persecution in Colombia. The IJ's failure to make the appropriate determination, and the BIA's failure to rectify the error, precludes our meaningful review of the merits of the removal order. Accordingly, we vacate the removal order as to this issue and remand to the BIA for a finding regarding past persecution and the applicability of a presumption of a future threat to petitioners' life or freedom.

**PETITION DISMISSED IN PART, GRANTED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**