[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 26, 2006
THOMAS K. KAHN
CLERK

No. 06-11727
Non-Argument Calendar
_____

Agency Nos. A95-263-055
A95-263-056

RODRIGO EMIGDIO RAMIREZ,
KAREN V. RAMIREZ CANON,
BLANCA LIRIA CANON VILLALOBOS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(September 26, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Rodrigo Emigdior Ramirez, Karen V. Ramirez Canon, and Blanca Liria Canon Villalobos are natives and citizens of Colombia, S.A. On December 19, 2002, an Immigration Judge ("IJ") granted petitioners' applications for asylum and withholding of removal. According to the IJ, Petitioners suffered persecution at the hands of the FARC "on account of imputed political opinion." The Department of Homeland Security (formerly the Immigration and Naturalization Service) appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On May 20, 2004, the BIA issued an order concluding that Petitioners failed to satisfy the burden of proving eligibility for asylum, withholding of removal or relief under the Convention Against Torture ("CAT") and ordered Petitioners' removal. The BIA therefore sustained the Department's appeal.

Petitioners did not petition this court to review the BIA's May 20, 2004 order. Instead, they filed a timely motion with the BIA to reconsider its order. The BIA denied the motion on October 28, 2004. On June 8, 2005, this court summarily affirmed the BIA's October 28, 2004 decision. Ramirez v. U.S. Attorney Gen., No. 04-16158-BB (11th Cir. June 8, 2005).

On January 13, 2006, Petitioners moved the BIA to reopen the case pursuant to 8 C.F.R. § 1003.2(c), on the basis of new evidence in the form of two statements

2

that described the "continuing and present danger" they would face if returned to Colombia. On February 15, 2006, the BIA denied the motion to reopen as untimely. It found in addition that Petitioners had failed to demonstrate that an exception to the time limit applied. On March 16, 2006, Petitioners filed the petition before us in this case, seeking review of the BIA's February 15, 2006, order denying their motion to reopen.

Petitioners contend that the BIA erred in failing to uphold the IJ's finding that they had suffered persecution for their political opinion at the hands of the FARC. In response, the Attorney General argues that (1) we lack jurisdiction to review the May 20 decision because Petitioners failed to file a timely petition for review, and (2) Petitioners abandoned their claims as to the February 15 order because they raise no arguments concerning it in their brief.

Issues that are not raised on appeal are abandoned. See Mendoza v. U.S. Atty. Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating that the respondent abandoned his CAT claim because he did not raise it in his brief on appeal). We review whether we have subject-matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. Immigration and Nationality Act ("INA")

3

§ 242(b)(1), 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a direct petition for review in an immigration case is "mandatory and jurisdictional, and is not subject to equitable tolling." Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995) (construing the former 90-day period for filing a petition for review under INA § 106(a)(1), 8 U.S.C. § 1105a(a)). A motion to reopen filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. See INA § 242(a)(1), 8 U.S.C. § 1252(a)(1); cf. Stone, 514 U.S. at 405-06, 115 S.Ct. at 1549 (holding that the finality of a BIA order is not affected by the subsequent filing of a motion to reconsider pursuant to 8 C.F.R. § 1003.2(b)).

Petitioners' petition for review should have been filed by June 21, 2004, to timely appeal the BIA's May 20, 2004, order reversing the IJ's order granting them asylum and withholding of removal. Petitioners petitioned us for review of the BIA's decision on March 16, 2006. Thus, their petition is untimely as to the BIA's May 20, 2004, decision. Accordingly, to the extent Petitioners argue on appeal that the BIA erred in affirming the IJ's findings, we lack jurisdiction to consider those arguments, and that portion of their petition for review is dismissed. Our scope of review is limited to the BIA's February 15, 2006, denial of their motion to reopen. However, Petitioners make no arguments in their brief regarding the

4

motion to reopen.  By failing to argue this issue in his brief, Petitioners have abandoned it.  Accordingly, we deny Petitioners' petition for review with regard to the motion to reopen.

DISMISSED IN PART, DENIED IN PART.