James R. BROOKS, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, Immigration and Naturalization Service, Respondents.

No. 99–2415.

United States Court of Appeals, Eleventh Circuit.

March 1, 2002.

Rima Y. Mullins, Faith E. Gay (Court-Appointed), Robert Brener (Court-Appointed), White & Case, LLP, Miami, FL, for Petitioner.

Nelda C. Reyna, Mary Jane Candaux, David Bernal, Dept. of Justice, Office of Immigration Lit., Civil Div., Washington, DC, for Respondents.

Before BLACK and FAY, Circuit Judges, and RESTANI,* Judge.

FAY, Circuit Judge:

## I. Introduction

Petitioner, James R. Brooks, seeks review of a final order of removal issued pursuant to a charge of deportability as an alien convicted of an aggravated felony. Petitioner brings his cause to the attention of this Court under direct review from a decision by the Board of Immigration Appeals. We find that we are without jurisdiction, and accordingly dismiss Brooks' petition.

## II. Factual and Procedural Background

James R. Brooks, ("Petitioner" or "Brooks") a citizen of Honduras, entered the United States as a lawful permanent resident on February 1, 1973. On July 25, 1995, Brooks was convicted in Dade County, Florida, of battery and the lesser included offenses of battery and false imprisonment. He was sentenced to a 44–month term of incarceration for the false imprisonment charge, and two concurrent terms of 364 days for the battery charges. Based on that conviction, on April 9, 1998, the Immigration and Naturalization Service ("INS") initiated removal proceedings against him, alleging that he was an alien who had been convicted of an aggravated felony and was thus deportable pursuant to the Immigration and Naturalization Act ("INA") §§ 237(a)(2)(A)(iii) & 101(a)(43)(F), 8 U.S.C. §§ 1227(a)(2)(A)(iii) & 1101(a)(43)(F). An immigration judge found Brooks removable as charged on June 4, 1998. Brooks appealed that decision to the Board of Immigration Appeals, ("BIA") which on February 22, 1999, affirmed the immigration judge's decision in all respects and dismissed the appeal. On March 4, 1999, Brooks petitioned this Court for review of the BIA's final removal order.[1]

---

* Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by designation.

1. On March 12, 1999, Brooks moved the BIA to reconsider its decision. The BIA denied the motion on June 29, 1999. Brooks did not petition for review of this decision, and hence it is not before this Court. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131

## III. Statutory Background

The INA provides that any alien who has been convicted of an aggravated felony is subject to deportation. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Prior to 1996, aliens who had accrued seven years of lawful permanent residence in the United States could request discretionary relief from deportation pursuant to INA § 212(c), by arguing the equities weighed in favor of their remaining in the United States. *See* 8 U.S.C. § 1182(c) (repealed 1996). Under this law, an alien convicted of an aggravated felony was eligible for such discretionary relief if he served a term of imprisonment less than five years. *See id.*[2] However, in an effort to increase the number of criminal aliens deported, Congress, in April 1996, decided to change the immigration statutory scheme by enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (codified in relevant part at 8 U.S.C. § 1182 (1996)). Section 440(d) of AEDPA rendered aliens convicted of aggravated felonies, regardless of the length of their sentence, ineligible for discretionary relief from deportation under § 212(c) of the INA. Subsequently, in September of 1996, Congress, passed the Illegal Immigration and Reform Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (codified in relevant part at 8 U.S.C. §§ 1101, 1182, 1224, 1229, 1230, and 1252 (1996)). Section 304 of IIRIRA repealed § 212(c) relief entirely, replacing it with a procedure called "cancellation of removal." *See* 8 U.S.C. § 1229b (1996). Consistent with AEDPA, § 304 of IIRIRA provided that cancellation of removal was not available to an alien convicted of any aggravated felony.[3]

## IV. Issue Presented to this Court

In this case, we are faced with a delicate interplay between the date of the criminal conviction of Petitioner, and the revamping of the statutory immigration scheme of Congress through the passage of the AEDPA and the IIRIRA. Petitioner was convicted of an aggravated felony on July 25, 1995, with a term of imprisonment of less than five years. Thus, at this time, discretionary relief from deportation under § 212(c) was available. However, when deportation proceedings began on April 9, 1998, the status of the law had changed. Thus, neither § 212(c) relief was available to Petitioner, nor was the newly fashioned "cancellation of removal".[4] Hence, the question the parties present to us is

L.Ed.2d 465 (1995). Additionally, on June 16, 1998 Brooks filed a petition for writ of habeas corpus in the District Court for the Middle District of Florida. On July 1, 1998, Brooks' habeas petition was dismissed without prejudice for lack of jurisdiction. This decision has also not been appealed.

2. In 1990, Congress amended § 212(c) to preclude from discretionary relief anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years. § 511, 104 Stat. 5052 (amending 8 U.S.C. § 1182(c)).

3. Effective as of April 1, 1997, the Attorney General only has discretion to cancel removal

of an inadmissible or deportable alien if, the alien:

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2) has resided in the United States continuously for 7 years after having been admitted in any status,

(3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a).

4. Because the INS initiated removal proceedings against Brooks after April 1, 1997, the effective date of IIRIRA, this case is governed by IIRIRA's permanent rules, as opposed to

whether the repeal of § 212(c) relief has an impermissible retroactive effect when applied to an individual convicted prior to the enactment of AEDPA § 440(d) and IIRIRA § 304(b). Embodied within this question is whether Petitioner's substantial constitutional Sixth Amendment and Equal Protection rights are violated by such a retroactive effect. However, before addressing the merits of Brooks' appeal, we must first decide whether we have jurisdiction to hear his petition. Because we find we are divested from jurisdiction by 8 U.S.C. § 1252(a)(2)(C), and find no merit in the constitutional questions Petitioner raises, we do not reach a decision here today on the propriety of the retroactivity of AEDPA and IIRIRA to Mr. Brooks.

## V. Discussion

### A. Jurisdictional Parameters

■■■ We review questions of subject matter jurisdiction *de novo. Jairath v. Dyer,* 154 F.3d 1280, 1281–82 (11th Cir. 1998). On petition for review of a final order of removal, we review the BIA's statutory interpretation *de novo,* and will defer to the BIA's interpretation if it is reasonable. *See Le v. United States Attorney General,* 196 F.3d 1352, 1353–54 (11th Cir.1999). INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(1), vest the courts of appeals with the authority to consider petitions challenging final orders commanding the removal of aliens from the United States. Yet, under 8 U.S.C. § 1252(a)(2)(C), our jurisdiction to review final orders of removal is very limited. *Moore v. Ashcroft,* 251 F.3d 919, 922–23 (11th Cir.2001). Section 1252(a)(2)(C) provides in pertinent part:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [certain enumerated criminal offenses].

8 U.S.C. § 1252(a)(2)(C).

Thus, because judicial review is limited by statutory conditions, we retain jurisdiction to determine only whether these conditions exist. *See Bahar v. Ashcroft,* 264 F.3d 1309, 1311 (11th Cir.2001). We have held that under the plain language of § 1252(a)(2)(C), a court is permitted to review only the threshold issues of whether Petitioner is (1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense. *Galindo–Del Valle v. Attorney General,* 213 F.3d 594, 597 (11th Cir.2000). There is no dispute that Petitioner satisfies each of these three requirements. Petitioner is a citizen of Honduras who entered the United States as a lawful permanent resident. He was convicted of an aggravated felony and sentenced to a term of imprisonment in excess of one year, and was found to be removable by evidence which was clear and convincing. *See Oral Decision of the Immigration Judge,* July 4, 1998.[5] Thus, because we conclude that Petitioner is an

the transitory rules which apply when removal proceedings were commenced before April 1, 1997, and against whom a final deportation order issued after October 30, 1996. *See Galindo–Del Valle v. Attorney General,* 213 F.3d 594, 596 (11th Cir.2000). Thus this case falls squarely within the amended Act.

**5.** Brooks was convicted under Fla. Stat. § 787.02, False Imprisonment, which is a crime of violence. *See Matter of Alcantar,* 20 I & N Dec. 801, 1994 WL 232083 (BIA 1994). Brooks was sentenced to more than one year imprisonment for this crime of violence, which brought him within the definition of an aggravated felony. *See* INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Brooks' other convictions were under Fla. Stat. § 784.03,

alien removable by reason of having committed an aggravated felony, § 1252(a)(2)(C) strips us of jurisdiction to review his final order of removal. *See Moore v. Ashcroft*, 251 F.3d 919, 923 (11th Cir.2000). In effect, our jurisdiction for review of Brooks' petition has disappeared. *See id; see also Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 2269–70, 150 L.Ed.2d 392 (2001) (stating court of appeals lacks jurisdiction to review criminal aliens' direct appeals from BIA decisions applying repeal of § 212(c) relief retroactively). However, we are not foreclosed from consideration of Brooks' Petition if he has raised substantial constitutional issues. *See Calcano–Martinez*, 121 S.Ct. at 2270 n. 2 (2001) (stating, "courts of appeals retain jurisdiction to review 'substantial constitutional challenges' raised by aliens who come within the strictures of § 1252(a)(2)(C)"); *Oguejiofor v. Attorney General*, 277 F.3d 1305, 1308–1309 (11th Cir.2002) (citing *Richardson v. Reno*, 180 F.3d 1311, 1316 n. 5 (11th Cir.1999)). However, because we find no merit in Petitioner's Sixth Amendment claim, nor his Equal Protection claim, we therefore conclude we do not have jurisdiction to review Brooks' petition. *See e.g. Oguejiofor*, 277 F.3d at 1309 (finding that lack of merit in Petitioner's constitutional challenges divested Court of jurisdiction from direct appeal of BIA).

## B. Constitutional Challenges

### 1. The Sixth Amendment

■ Petitioner contends that a retroactive application of IIRIRA § 304(b) would impermissibly penalize him for exercising his Sixth Amendment rights. We find this claim completely void of any legal foundation. Petitioner bases his argument on the Supreme Court's holding in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), in which the Court held that § 212(c) relief must be afforded to an alien who pled guilty before the AEDPA and IIRIRA changes were instituted. The Court, after applying the two-part test it fashioned in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), concluded that the 1997 repeal of § 212(c) relief had an impermissible retroactive effect on aliens who pled guilty in reliance on the availability of the § 212(c) waiver. *See St. Cyr*, 121 S.Ct. at 2293. Hence, Petitioner argues that solely because he chose to exercise his rights to go to trial, instead of pleading guilty, he is being penalized for exercising his Sixth Amendment rights.

Petitioner's argument misses the mark because at the time of Brooks' trial, it was irrelevant whether an alien pled guilty or was convicted after trial. If an alien met the requirements of residency, and had not served more than five years incarceration for an aggravated felony, either alien could apply for § 212(c) relief. The distinction between aliens who plead guilty and those who were convicted after trial is a matter of statutory interpretation by the Supreme Court under *Landgraf* in *St. Cyr*. The Supreme Court's decision in *St. Cyr*, in 2001, does not alter the fact that Brooks was afforded a full trial in 1995. Brooks was given the opportunity to be heard, the right to examine the witnesses against him, the right to offer testimony, and the right to be represented by counsel. We are thus hard-pressed to see how his Sixth Amendment rights were violated.

Moreover, although Brooks was sentenced to less than five years for his felony

---

Battery, in-and-of itself, and as a lesser in- cluded offense.

conviction, he was charged with two counts of attempted second degree murder, kidnaping, and two counts of battery. Each count of attempted second degree murder and kidnaping is punishable by life imprisonment. *See* Fla. Stat. §§ 782.04(2), 787.01(2). Nevertheless, faced with the possibilities, Brooks chose to go to trial. "There can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." *St. Cyr*, 121 S.Ct. at 2291 (citing *Magana–Pizano v. INS*, 200 F.3d 603, 612 (9th Cir.1999) ("That an alien charged with a crime ... would factor the immigration consequences of conviction in deciding whether to plead or proceed to trial is well-documented.")). Brooks weighed his options and was given a full trial, and was thus accorded his Sixth Amendment rights.

### 2. Equal Protection

■■■ Petitioner contends that it violates the Equal Protection Clause to apply IIRIRA § 304(b) retroactively to aliens whose convictions preceded the enactment of IIRIRA, but yet preventing such retroactive application against aliens who pled guilty as in *St. Cyr*. Classifications that distinguish among groups of aliens are subject to rational basis review, and will be found valid if not arbitrary or unreasonable. *See Fernandez–Bernal*, 257 F.3d at 1312. We find there to be such a rational basis distinguishing between allowing § 212(c) relief for aliens who pled guilty,

as opposed to denying such relief for those who were convicted at trial. As the Supreme Court stated in *St. Cyr*:

> "IIRIRA's elimination of any possibility of § 212(c) relief for people who entered into plea agreements with the expectation that they would be eligible for such relief clearly 'attaches a new disability, in respect to transactions or considerations already past.' Plea agreements involve a *quid pro quo* between a criminal defendant and the government. In exchange for some perceived benefit, defendants waive several of their constitutional rights (including a right to a trial) and grant the government numerous 'tangible benefits, such as promptly imposed punishment without the expenditure of prosecutorial resources.'"

*St. Cyr*, 121 S.Ct. at 2291 (internal citations omitted).

■■■ Clearly, there are certain characteristics that attach once a defendant chooses to plead guilty. Because the Petitioner did not so choose to rely upon the agreed upon terms of a plea, he is not similarly situated to individuals who plead guilty. There are not the same concerns of *quid pro quo*, benefit for an exchange, between a defendant and the government. Thus, we find there to be a rational basis in differentiating between a defendant who pleads guilty versus a defendant who goes to trial. Petitioner's Equal Protection claim therefore has no merit.[6]

### VI. Conclusion

For the foregoing reasons, we find that we are without jurisdiction to review Peti-

---

**6.** In analyzing Petitioner's Equal Protection claim, we stress that we make no judgment on the propriety of applying AEDPA and IIRIRA retroactively to Petitioner because, as stated, we are without jurisdiction to do so under direct review. Yet, as instructed by the Supreme Court, Petitioner's "concerns can be alleviated by construing the jurisdiction-strip-

ping provisions of [8 U.S.C. § 1252(a)(2)(C)] not to preclude aliens ... from pursuing habeas relief pursuant to [28 U.S.C] § 2241." *Calcano–Martinez*, 121 S.Ct. at 2269; *St. Cyr*, 121 S.Ct. at 2287 (concluding that habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRA).

tioner's direct appeal from the Board of Immigration Appeals. 8 U.S.C. § 1252(a)(2)(C) has stripped us of jurisdiction to review the purely statutory question of retroactivity. Additionally, we find Petitioner's constitutional claims insubstantial, and hence they too fail to invoke our jurisdiction. We accordingly DISMISS Petitioner's appeal.[7]

---

7. We would like to comment on the plethora of cases that have inundated our Circuit and our sister Circuits regarding this issue, and the ease in which this burdensome and protracted litigation could have been avoided with a simple declaration by Congress regarding the retroactivity of legislation when it is passed. A one line sentence could have avoided many of these problems, and would certainly have spared the resources of the federal court system.