[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15010

_____

BIA No. A79-437-149

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2006
THOMAS K. KAHN
CLERK

CESAR GEOVANNY DUQUE-SANTA,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

On Appeal for Review of an Order of the
Board of Immigration Appeals

_____

**(August 3, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Cesar Geovanny Duque-Santa petitions this Court, through counsel, for review of the order of the Board of Immigration Appeals ("BIA") affirming the order of the immigration judge ("IJ") denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We dismiss his petition in part and deny it in part.

Duque-Santa, a native and citizen of Colombia, alleged in his application for asylum, withholding of removal, and CAT relief that he had suffered persecution from the Revolutionary Armed Forces of Colombia (the "FARC") due to his political opinion and membership in the Conservative Party and that he feared for his life if he returned to Colombia. The IJ denied Duque-Santa's application; and, on 1 June 2005, the BIA affirmed the IJ's denial. On 1 July 2005, Duque-Santa filed a motion for reconsideration, arguing that the BIA failed to consider correctly the current political and military conditions in Colombia and repeating that he feared being killed by the FARC if he returned to Colombia. On 19 August 2005, the BIA denied Duque-Santa's motion for reconsideration. On 9 September 2005, Duque-Santa filed the instant petition for review of the BIA's 1 June 2005 order. In response, the government filed a motion to dismiss Duque-Santa's petition for review, arguing that we lack jurisdiction to consider the

BIA's 1 June 2005 order because Duque-Santa did not appeal this order in a timely manner. In the alternative, the government asks for 45 days to file a response brief if the motion to dismiss is denied.

We review de novo whether we have subject matter jurisdiction. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. See 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a petition for review in an immigration case is mandatory and jurisdictional. See Stone v. INS, 115 S.Ct. 1537, 1549 (1995).

Duque-Santa should have filed his petition for review by 1 July 2005 to appeal timely the BIA's 1 June 2005 order affirming the IJ's denial of asylum, withholding of removal, and CAT relief. But Duque-Santa did not file the petition with this Court until 9 September 2005. The filing of the motion for reconsideration on 1 July 2005 did not suspend the finality of the underlying BIA order and did not toll the review period. See id. Duque-Santa's petition is untimely for the BIA's 1 June 2005 decision. Therefore, we lack jurisdiction to consider those arguments; and we dismiss that portion of his petition for review.

The scope of our review is limited to the BIA's denial of Duque-Santa's motion for reconsideration. But review of his brief on appeal shows that he makes no arguments about the motion for reconsideration; instead, he contends that the IJ erred in denying his request for asylum and withholding of removal. Because Duque-Santa has failed to brief the denial of his motion for reconsideration, this issue is abandoned; and we do not consider it. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating that issue not raised on appeal is abandoned). We deny Duque-Santa's petition for review of the denial of the motion for reconsideration.

DISMISSED IN PART; DENIED IN PART.