[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14150
Non-Argument Calendar

_____

BIA No. A78-350-672

JOSE MANUEL PAEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 14, 2006)**

Before DUBINA, BARKETT  and HULL , Circuit Judges.

PER CURIAM:

Jose Manuel Paez, a native and citizen of Colombia, proceeding pro se, petitions for review of the Board of Immigration Appeal's ("BIA") decision to deny his motion to reconsider his motion to reopen. On appeal, Paez argues that he provided sufficient evidence to the BIA concerning the bona fides of his marriage, and, thus, the BIA erred by denying his motion to reopen.

We consider de novo whether we have subject-matter jurisdiction. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). "[T]he statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)). The Supreme Court has stated that the statute requires that each denial from the BIA have a separate petition of review. See. Stone 514 U.S. at 394, 115 S.Ct. at1543-44.

Because, as to his motion to reopen, Paez's only petition for review was not filed within the applicable statutory time limit, his arguments regarding the merits of that motion are not properly before us, and we dismiss the petition as to that issue.

2

Paez also asserts that the BIA failed to consider and correctly analyze the evidence he submitted in his motion to reconsider, causing him and his wife irreparable harm, and, if the case was remanded to the Immigration Judge, the government could examine him and his wife concerning the genuineness of their marriage. Paez, however, failed to address the BIA's stated reasons for denying his motion to reconsider, namely that: (1) Paez had failed to show an error of law or fact in the denial of his motion to reopen; and (2) because the motion to reconsider only submitted more evidence regarding whether Paez's marriage was bona fide, it was in effect, a numerically barred motion to reopen.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C); 8 U.S.C. § 1229a(c)(6)(C); see also 8 C.F.R. § 1003.2(b)(1) (same). We have held that a motion that wishes to introduce new evidence should be construed as a motion to reopen. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1301 (11th Cir. 2001) (construing a motion to remand that introduced new evidence as a motion to reopen). Judicial review of the denial of a motion to reopen is "limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" Garcia-Mir v.

3

Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted). Additionally, only one motion to reopen is allowed. See INA § 240(c)(7)(A); 8 U.S.C. § 1229a(c)(7)(A).

The BIA did not err in denying the motion for reconsideration, as it failed to argue or provide evidence regarding a legal or factual error in the BIA's decision denying his motion to reopen. Additionally, as Paez's motion merely submitted more evidence, it was, in effect, a motion to reopen, which was barred because he previously had submitted a motion to reopen.

Upon review of the record and upon consideration of the briefs, we find no reversible error. For the above stated reasons, we dismiss the petition in part and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**