[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11844
Non-Argument Calendar

_____

BIA No. A96-104-172

OLGA SILENA HERNANDEZ-GOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2006)**

Before TJOFLAT, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Petitioner Olga Silena Hernandez-Gomez is a native and citizen of

Columbia, S.A., who entered the United States illegally in May 1997. In December 2002, she received a Notice to Appear charging her with removability. In January 2003, she filed an application for asylum, withholding of removal, and protection under the U.N. Convention against Torture.

At a hearing before an Immigration Judge ("IJ") on May 6, 2003, Petitioner conceded removability. Following a hearing on the merits of her application on June 9, 2003, the IJ denied her application and ordered her removal to Columbia. The IJ found her testimony not credible and that her application was frivolous. He noted that there was no nexus between her claims and her avowed political opinion (her ground for asylum) because the guerillas were harassing her and her family for refusing to provide them material support, not because of her (or her family's) political opinions. In short, the IJ held that Petitioner failed to satisfy the burden of proof for asylum and the higher standards for withholding of removal and CAT relief.

Petitioner appealed the IJ's decision to the Board of Immigration appeals. There, she contended that the IJ should have found that she proved that she had suffered past persecution due to her political opinions and that she had a well-founded fear of future persecution if returned to Columbia. The BIA affirmed the

IJ's decision on December 22, 2005,[1] ordering her removal, and, on February 23, 2006, denied her motion for reconsideration. Petitioner now seeks review in this court.

Petitioner claims that the BIA erred in not finding that she demonstrated past persecution and a well-founded fear of future persecution. Therefore, she seeks review of both the BIA's December 22, 2005 removal order and the BIA's February 23, 2006 denial of her motion to reconsider.

We review "questions of subject matter jurisdiction de novo." Brooks v. Aschcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. Immigration and Naturalization Act ("INA") § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1) and (b)(1). A motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. Stone v. INS, 514, U.S. 386, 405-06, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995) (construing the former 90-day period for filing a petition for review under INA § 106(a)(1), 8 U.S.C. § 1105(a)).

As noted above, the final order of removal in this case was issued on

---

[1] At the same time, the BIA vacated the IJ's finding that Petitioner's application for asylum was frivolous.

December 22, 2005. <u>See</u> 8 C.F.R. § 1241.1(a) (providing that "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 241 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals"). Although Petitioner filed a timely motion to reconsider the BIA's dismissal of her appeal, the filing did not toll the limitations period for filing a petition for review in this court. Therefore, because Petitioner did not file her petition for review until March 23, 2006, more than 30 days after the BIA's December 22, 2005 removal order, we lack jurisdiction to review that order. We therefore dismiss the petition for review to the extent that it seeks review of the BIA's removal order.

Petitioner waived her challenge to the BIA's denial of her motion for reconsideration because, in her brief to us, she only makes bare assertions and does not put forth an argument about why the BIA's denial of her motion to reconsider was incorrect. We therefore deny the part of the petition addressing this claim.

**DISMISSED IN PART, DENIED IN PART.**