[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11787
Non-Argument Calendar

_____

Agency Nos. A97-926-807
A97-136-798

VEVINE PETRONA FRANCIS,
OWEN LLOYD FRANCIS,
JEVRON FRANCIS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2006)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Vevine Petrona Francis, her husband, and her son (collectively "petitioners"), all natives and citizens of Jamaica, proceeding pro se, petition this Court for review of the Board of Immigration Appeal's ("BIA") final order dismissing their appeal and affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"). The petitioners argue that they filed their asylum application more than a year after they arrived in the United States because they did not know they could apply for asylum. The petitioners also argue that the BIA erred in denying withholding of removal because they fear they will be persecuted if returned to Jamaica.[1]

## I. Jurisdiction Over Petition for Review of Asylum Denial

We review our subject-matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). An alien may apply for asylum if "the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). An alien may apply for asylum after one year of arrival if the alien "demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or

---

[1] Because the petitioners did not argue that the BIA erred in denying CAT relief, the petitioners have abandoned this argument. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001).

extraordinary circumstances relating to the delay in filing an application." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). "No court shall have jurisdiction to review any determination" that an application was untimely or failed to establish changed or extraordinary circumstances to excuse the delay. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Section 1158(a)(3) divests us of jurisdiction to review the BIA's determination that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse the untimely filing. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287. (11th Cir. 2003).

Here, the BIA determined that the petitioners filed their asylum application more than one year after their arrival in the United States. The BIA also found that the petitioners did not prove extraordinary circumstances justifying their late filing. Pursuant to INA § 208(a)(3), 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the BIA's decision that the asylum application was untimely. However, we do not lack jurisdiction to review the petition for withholding of removal. Therefore, we dismiss the petition for review of the denial of asylum for lack of jurisdiction, but continue with review of the claim for withholding of removal.

## II. Withholding of Removal

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we

3

review the IJ's decision as well." Id. Here, the BIA issued its own decision, without any adoption. Therefore, we will review only the BIA's decision.

"To the extent that the BIA's decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). However, the BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted).

An applicant for withholding of removal is not subject to the one-year time limitation placed on asylum applicants under INA § 208(a)(2)(b), 8 U.S.C. § 1158(a)(2)(B) or 8 C.F.R. § 208.4(a). See INA § 241(b)(3)(A), 8 U.S.C. 1231(b)(3)(A). Moreover, unlike asylum, withholding of removal under the INA is mandatory, not discretionary, once the applicant establishes eligibility. Id.; 8 C.F.R. § 208.16(d)(1).

"An alien is entitled to withholding of removal under the INA if she can show that her 'life or freedom would be threatened in [that] country because of her race, religion, nationality, membership in a particular social group, or political opinion.'" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (quoting 8 U.S.C. § 1231(b)(3)(A) (alteration omitted)). The burden of proof is upon the alien to show her eligibility for withholding of removal under the INA by

4

showing that it is "more likely than not she will be persecuted or tortured upon being returned to her country." Id. (quotation omitted). The more-likely-than-not standard is more stringent than the well-founded fear standard in asylum cases. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006).

An applicant for withholding of removal may satisfy this burden of proof in one of two ways. Id. First, an alien may satisfy her burden if she establishes "past persecution in her country based on a protected ground." Id. (quotation omitted). Once an alien establishes past persecution, "a rebuttable presumption arises that she has a well-founded fear of future persecution, and the burden then shifts to the [DHS] to show that the conditions in the country have changed or the alien could avoid a future threat through relocation." Id. (quotations omitted).

Second, if an alien has not shown past persecution, she still may be entitled to withholding of removal if she "establishes 'that it is more likely than not that she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country.'" Id. (quoting 8 C.F.R. § 208.16(b)(2) (alteration omitted)). "An alien cannot demonstrate that [she] more-likely-than-not would be persecuted on a protected ground if the [BIA] finds that the alien could avoid a future threat by relocating to another part of [her] country." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). An alien may also sustain her burden of proof by showing a

5

pattern or practice of persecution of a group similarly situated to her in which she is included or with which she is identified. 8 C.F.R. § 208.16(b)(2). The alien need not show that she would be singled out individually for persecution; rather, she may sustain the burden of proof by showing a pattern or practice of persecution of a group similarly situated to the alien in which she is included or with which she may be identified. Id.

Neither the INA nor the regulations define "persecution." We have stated, however, that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations omitted). Furthermore, the petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors, such as her political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).

We have held that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (quotations omitted). An applicant "may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." Id.

6

(alterations and quotations omitted).

To meet their burden of proof, the petitioners must have shown either that they suffered past persecution or that they more likely than not would suffer future persecution if removed to Jamaica.  See Tan, 446 F.3d at 1375.  We find no error in the IJ's determination that the petitioners did not suffer past persecution based on a protected ground.  See id.  The threats the petitioners received were unrelated to their political opinions and, although harassing, did not reach the level of persecution. Because the petitioners failed to show past persecution, they are only eligible for withholding of removal if they proved that they more likely than not would suffer persecution upon removal to Jamaica.  See Tan, 446 F.3d at 1375. The petitioners have failed to meet this burden of proof as well.  They do not belong to a persecuted group and presented no evidence that they would join one upon return to Jamaica.  Therefore, substantial evidence supports the BIA's denial of withholding of removal.

Upon review of the records and the parties' briefs, we hold that we lack jurisdiction to review the asylum claim and dismiss the petition as to that issue. We also discern no error in the BIA's denial of withholding of removal and deny the petition as to that issue.

**PETITION DISMISSED IN PART; DENIED IN PART.**