[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 06-11474
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2007
THOMAS K. KAHN
CLERK

BIA Nos. A97-199-435 & A95-199-436

HECTOR YOVANNY HERRERA HERNANDEZ,
GRACE CONTRERAS LOPEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(February 7, 2007)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Hector Yovanny Herrera Hernandez ("Herrera") and his wife, Grace

Contreras Lopez ("Lopez"), petition for review of the Board of Immigration

Appeals' ("BIA") adoption of the Immigration Judge's ("IJ") order of removal and denial of their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (the "CAT").[1]  8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).  We find no reversible error; we deny the petition.

Herrera, a native and citizen of Colombia, entered the United States in April 1999 and was authorized to remain until April 2000.  Lopez, also a Colombian native and citizen, was admitted to the U.S. in May 2000 and was authorized to remain until November 2000.  Herrera filed an application for asylum and withholding of removal under the INA and the CAT in May 2003, contending that he was persecuted on account of his political opinion and membership in a particular social group.  In January 2003, the Department of Homeland Security ("DHS") issued Herrera and Lopez with Notices to Appear, charging them with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as nonimmigrants who remained in the U.S. for a time longer than permitted.

---

[1]The parties' cases were consolidated for hearing and decision before the IJ, although the BIA issued separate decisions.

At the removal hearing before the IJ, Herrera conceded removability and renewed his application for asylum and withholding of removal. He argued that, as a former member of the Colombian National Army, members of the Revolutionary Armed Forces of Colombia ("FARC")--several of which were childhood friends--approached him at least three times from 1986 to 1999, requesting that he join their cause and assist them in acquiring military information and materials such as uniforms, gun refills, and ammunition. Upon his refusal to cooperate, FARC members threatened him and his family. He testified that he had considered the past threats to be serious and feared bodily harm, enough so that after one encounter in 1995, he moved from Bogota to the city of Manizales to escape the FARC. During the eight to ten months he lived there, he had no encounters with the FARC. He returned to Bogota in 1996 to find more stable work. He had no further contact with the FARC until February 1999, when FARC members approached him insisting that he work with them, detained him overnight, beat him, and stole money from him. He and his wife left Colombia two months later.

The IJ denied petitioners' applications for asylum and withholding of removal. As an initial matter, the IJ concluded that the asylum application was time-barred under INA § 208(a)(2), 8 U.S. C. § 1158(a)(2) (requiring application

to be filed within one year of arrival in the U.S.), and that Herrera's testimony did not establish changed conditions or extraordinary circumstances to excuse the delay. In addition, the IJ found that, even were the application considered on the merits, Herrera failed to establish a well-founded fear of persecution and thus could not meet the higher standard required for withholding. In reaching this conclusion, the IJ entered an unfavorable credibility rating, noting several specific inconsistencies in Herrera's testimony and application. The IJ also found that the evidence showed that Herrera could avoid persecution by relocating within Colombia.

On appeal, the BIA affirmed and adopted the IJ's decision. The BIA specifically agreed that Herrera's failure to file a timely application was not excused under the extraordinary circumstances exception. The BIA also determined that Herrera's experiences did not rise to the level of past persecution or torture, and it was therefore unnecessary to address specifically the issue of credibility. And, the BIA concluded that Herrera failed to qualify for withholding of removal under the INA or the CAT, "as no facts were presented to show that it is more likely than not that he will be persecuted or tortured in Colombia upon return."

On appeal, Herrera argues that the IJ and BIA erred in denying his claims for asylum and withholding of removal. He contends that his repeated refusals to cooperate with the FARC established past persecution or a well-founded fear of future persecution on account of his membership in a particular social group: former members of the Colombian Army. He also argues that the IJ overemphasized facts that were properly considered in terms of the weight of the evidence, rather than in terms of Herrera's credibility.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's decision. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). Here, although the BIA stated that it adopted and affirmed the BIA's decision, it listed specific grounds for affirmance. Therefore, we will review the grounds enumerated in the BIA's decision and will examine the IJ's decision only as his findings support those grounds. We review the BIA's and IJ's factual findings under the substantial evidence test; we thus accept such findings unless the record "compels" reversal. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We review the BIA's and IJ's legal determinations de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

We note that only Herrera's claims for withholding of removal and relief under the CAT are before this Court. The BIA determined that Herrera was

5

statutorily ineligible for asylum, and we lack jurisdiction to review this finding. Mendoza, 327 F.3d at 1287. Although Herrera's brief primarily addresses his asylum claim, repeatedly referencing the "well-founded fear" standard rather than the higher standard for withholding of removal, the same facts and arguments apply to both claims; and we may properly review his withholding claim.

Section 241 of the INA, 8 U.S.C. § 1231(b)(3)(A), entitles an alien to withholding of removal if he can show that his life or freedom would be threatened on return to his country on account of his race, religion, nationality, membership in a particular social group, or political opinion. If the alien establishes past persecution, future persecution is presumed unless DHS shows that conditions within the country have changed or that relocation to another part of the country would avoid the threat and is reasonable. 8 C.F.R. § 208.16(b)(1)(i).

An alien who has not shown past persecution may still be entitled to withholding of removal if he can demonstrate that he "more likely than not" would be persecuted or tortured upon his return to the country in question. Id. § 208.16(b)(2). An alien fails to meet this burden if the IJ finds that the alien could avoid the threat by relocating within his country. Id.

6

Here, Herrera failed to meet his burden for withholding of removal under the INA. The record does not compel reversal of the BIA's finding that Herrera did not suffer past persecution or establish the required probability of future persecution upon his return to Colombia. Even assuming that Herrera's testimony about his encounters with FARC is credible and that he is a member of a protected social group, a handful of incidents over a thirteen-year period does not rise to the level of past persecution, especially where Herrera sustained no physical harm in all but one of those incidents. See Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006) (five-day detention did not compel finding of persecution); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (noting that persecution is an "extreme concept" and denying finding of persecution where petitioner was repeatedly threatened and her mailbox bombed).

The erratic nature of Herrera's encounters with FARC also contradicts his argument that it is more likely than not that he will be persecuted or tortured upon his return. And, substantial evidence supports the IJ's finding that Herrera could avoid a future threat by relocating within Colombia. In fact, the record shows that he had successfully avoided the FARC in the past by relocating,

albeit with some loss in income. Thus, Herrera failed to establish his eligibility for withholding of removal under the INA.

For the reasons listed above, substantial evidence supports the BIA's denial of relief under the CAT, as Herrera failed to show that it is "more likely than not" that he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2).

We conclude that substantial evidence supports the BIA's denial of withholding of removal pursuant to the INA and the CAT. Accordingly, Herrera's petition for review is denied.

**PETITION DENIED.**