[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 26, 2007
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 06-11041
Non-Argument Calendar

-----------------------------------------

BIA No. A79-414-730

LEONARD MECOLLARI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

-----------------------------------------------------------------

**(April 26, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Leonard Mecollari ("Mecollari") petitions for review of the Board of

Immigration Appeals' ("BIA") order, affirming the Immigration Judge's ("IJ")

denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). We see no reversible error in the BIA's order; we deny the petition.

Mecollari, a native and citizen of Albania, arrived in the United States in July 2001 and requested asylum. He claimed that, as a member and supporter of the minority Democratic Party in Albania, he had suffered past persecution by Socialist government and feared further retribution if he returned to Albania. Mecollari asserted that he had been arrested and beaten by members of the secret police in 1990 and 2001 and that police had also beaten him in 2000 while he worked at an election center.[1] In support of his claims, Mecollari submitted several documents, including (1) a certificate of membership in the Democratic Party signed by "The Chief of Branch," stating that Mecollari had participated in political activity in the local elections in 2000 and 2001 and had been threatened by the police in 2001; (2) an unauthenticated report from an Albanian hospital

---

[1] In his application, Mecollari also claimed that his father had been arrested, detained, and beaten several times by the police in the 1980s for his secret membership in the Democratic Party. But Mecollari did not submit evidence corroborating this claim and, at the hearing before the IJ, admitted that his father had never been a member of the Democratic Party.

indicating that Mecollari was hospitalized in 2000 for treatment of a leg wound caused by a police beating; and (3) documents from U.S. medical personnel stating that their exams supported Mecollari's claims of physical trauma. When questioned by the IJ on the lack of a corroborating statement from Mecollari's father, Mecollari's counsel explained that the information was unavailable – even though Mecollari's father, mother, and sister were residing in Greece – because Mecollari had a "falling out" with his father.

At the conclusion of the asylum hearing, the IJ recessed to review the documentary evidence, including the U.S. Department of State and Amnesty International Country Reports. The IJ then denied Mecollari's requests for asylum and withholding of removal under the INA and the CAT. The IJ found that, although Mecollari "provided a reasonable amount of detail and specific information regarding general political activities on behalf of the Democratic Party. . . [and] also provided testimony which is plausible, on its face at least," the injuries Mecollari suffered did not rise to the level of past persecution and that Mecollari "failed to sustain his burden of proof through the presentation of corroborating documentation . . . which would be reasonably available to him." For the same reason, the IJ found that Mecollari failed to establish a well-founded

fear of persecution. The IJ similarly denied Mecollari's requests for withholding of removal under the INA and the CAT.

The BIA dismissed Mecollari's appeal, agreeing with the IJ that Mecollari failed to submit sufficient corroborating evidence of his arrests and beatings to sustain his burden of proof of past persecution or to provide an explanation for the lack of such evidence. The BIA also found that Mecollari failed to show a well-founded fear of persecution, noting that the 2003 Country Report indicated that the Albanian Constitution provides citizens with the right to change their government peacefully and that no cases of political detentions were confirmed. The BIA also found that Mecollari had failed to establish eligibility for withholding of removal under the INA or the CAT. This appeal followed.

Because the BIA's order did not expressly adopt the IJ's decision, but rested on its own reasoning, we review only the BIA's order. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's factual determinations under the substantial evidence standard and therefore will affirm the BIA's decision "unless the evidence 'compels' a reasonable fact finder to find otherwise." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005)(citation omitted). We review the BIA's legal conclusions de novo, but will

defer to its reasonable interpretations of the INA. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

To establish eligibility for asylum pursuant to INA § 208, 8 U.S.C. § 1158, an applicant must demonstrate – by credible and specific evidence – either (1) past persecution on account of a statutorily listed factor or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1284. Although "[un]corroborated but credible testimony may be sufficient to sustain the burden of proof for demonstrating eligibility for asylum[,] . . . [t]he weaker an applicant's testimony, . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Substantial evidence supports the BIA's finding that Mecollari's claims of past persecution lacked sufficient corroborating evidence. See 8 U.S.C. § 1158(b)(1)(B)(ii) (indicating that the "trier of fact [may] determine[] that the application should provide evidence that corroborates otherwise credible testimony"). Mecollari provided no authenticated evidence supporting his claims of arrest, detention, or beatings by the police. At most, the authenticated evidence in the record shows that Mecollari has been a member of the Democratic Party since 1998, has been threatened by the police, and has

5

suffered physical trauma in the past.[2] Mecollari provided no evidence compelling the conclusion that he suffered persecution or injury <u>on account of</u> his membership in the Democratic Party.

And the record does not compel us to conclude that evidence corroborating his assertions is unavailable. <u>See</u> 8 U.S.C. § 1252(b)(4). Mecollari testified that his mother was in the U.S. for approximately one year after he arrived here and currently lives in Greece with his sister. He also testified that he escaped from Albania with the help of family and friends. He provided no explanation to the IJ or the BIA on why he could not obtain supporting affidavits from these sources, other than to say that he was not in touch with his father. Substantial evidence also supports the BIA's finding that Mecollari did not establish a well-founded fear of persecution, as the most recent county reports indicate that there have been no politically motivated detentions, imprisonments, or killings in recent years. <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1289 (noting that fear of future perseuction must be "objectively reasonable"). The BIA therefore did not err in denying Mecollari's asylum claim.

_____

[2]As we noted in <u>Yang</u>, we cannot depend on the veracity of unauthenticated records. <u>Yang</u>, 418 F.3d at 1202-3 n.3. Thus, the unauthenticated hospital report from 2000 indicating that Mecollari's injuries were caused by a police beating does not support his assertions of harassment by the police. But, even if we accept the report as true, it does not necessarily corroborate Mecollari's contention that the beatings were politically motivated.

Because Mecollari failed to satisfy the lower burden of proof for asylum, the BIA correctly determined that Mecollari was also ineligible for withholding of removal under the INA or the CAT.  See id. at 1292-93; Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).  Mecollari's petition for review is therefore denied.

PETITION DENIED.