[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11496
Non-Argument Calendar
_____

BIA No. A97-632-379

ALVARO EMILIO CUBIDES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 8, 2007)**

Before BIRCH, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Alvaro Emilio Cubides, through counsel, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order dismissing Cubides's applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c).[1]

Cubides contends that his testimony established that he is entitled to asylum. The government argues that we do not have jurisdiction to review the IJ and BIA's findings that Cubides filed his asylum application untimely and no changed or extraordinary circumstances excuse the untimely filing.

We review subject-matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). An alien can apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, "[a]n application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially

_____

[1] Cubides does not raise any challenge in his brief to the denial of CAT relief, and therefore abandoned the issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Notwithstanding the BIA's authority to consider an untimely asylum application in circumstances where the applicant meets one of the exceptions to the one-year deadline, "no court shall have jurisdiction to review any determination of the Attorney General under [section 1158(a)(2)]." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2001) (quoting INA § 208(a)(3), 8 U.S.C. § 1158(a)(3)) (alteration in original). We have held that § 1158(a)(3) divests our jurisdiction to review the BIA's determinations that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse his untimely filing. Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860 (11th Cir. 2007) (citing Mendoza, 327 F.3d at 1287). We have also held that the jurisdictional provisions in the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), did not alter our jurisdiction over this matter. Delgado, 487 F.3d at 860 (citation omitted).

Here, the BIA determined that Cubides's asylum application was untimely and that he had failed to establish changed or extraordinary circumstances to excuse his untimeliness. Therefore, we lack jurisdiction to consider whether the BIA erred in this regard.

3

Cubides argues that the totality of the death threats by the Revolutionary Armed Forces of Colombia ("FARC") shows that he has a well-founded fear of future persecution based on his political opinion, entitling him to withholding of removal. Cubides argues that his case is distinguishable from Sepulveda, because Sepulveda was threatened by the National Liberation Army ("ELN"), a lesser terrorist group than the FARC, and she received only three telephone calls over a short period of time, while Cubides's situation was objectively and subjectively more severe.

When the BIA issues a decision, we review only that decision, "except to the extent that the BIA expressly adopts the IJ's decision." Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (citation omitted). In this case, the BIA issued its own decision.

To the extent that the BIA's decision was based on a legal determination, we review de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1230 (11th Cir. 2007). The substantial evidence test is "highly deferential" and does not allow "re-weigh[ing] the evidence from scratch." Silva v. U.S. Att'y Gen., 448 F.3d 1229,

4

1236 (11th Cir. 2006) (quotation and citation omitted). "To reverse the [BIA's] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287 (considering withholding of removal claim).

In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Id.; see also INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)(A). The alien must show that it is "more likely than not that [he] will be persecuted or tortured upon being returned to [his] country." Sepulveda, 401 F.3d at 1232. This standard is more stringent than the "well-founded fear" standard for asylum. Id. The applicant must show that his fear of persecution is subjectively genuine and objectively reasonable. Id. at 1231 (quotation and citation omitted) (asylum context).

The applicant can meet his burden by showing either (1) "past persecution in his country based on a protected ground," in which case a rebuttable presumption is created that his life or freedom would be threatened if he returned to her country; or (2) "a future threat to his life or freedom on a protected ground in his country." Mendoza, 327 F.3d at 1287. An applicant's credible testimony "may be sufficient to sustain the burden of proof without corroboration." Mendoza, 327 F.3d at 1287 (quoting 8 C.F.R. § 208.16(b)).

5

While the INA does not define persecution, we have held that persecution is an "extreme" concept, mere harassment is not persecution, and that persecution requires "more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231.

We are satisfied that substantial evidence supports the BIA's determination that Cubides is not entitled to withholding of removal. Cubides has not established that he suffered from past persecution in Colombia as the threatening phone calls he received does not rise to the level of persecution. Cubides also has not established that it is more likely than not that he would be persecuted in the future if forced to return to Colombia. Not only did threats to Cubides never escalate beyond telephone calls, but Cubides actually left Colombia after being threatened on two occasions, both times returning shortly thereafter, where he received more threatening calls, but nothing more. Accordingly, we dismiss the petition in part and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**