[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12620
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2009
THOMAS K. KAHN
CLERK

Agency No. A98-610-704

ERIYANTO WAHYUDI,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 15, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

This petition for review raises two issues: (1) whether this court has jurisdiction to review the petition, and (2) whether, if jurisdiction is present, the Board of Immigration Appeals ("BIA") erred in determining that petitioner waived any appeal of the denial of his application for immigration relief. We issued a jurisdictional question to the parties, asking whether Immigration and Nationality Act ("INA") § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), limited our jurisdiction to review the petition in this case. Petitioner asserts that we have jurisdiction because he is challenging the BIA's determination that it lacked jurisdiction over his appeal, not the BIA's discretionary denial of relief.

We review jurisdictional questions de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). The INA provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28 or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –
> (i)     any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> (ii)     any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

INA § 242 (a)(2)(B), 8 U.S.C. § 1252(a)(2)(B).

2

Section 1252(a)(2)(B)(ii) only applies to limit our review of discretionary decisions authorized by statute, not discretionary decisions authorized by agency regulation. Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1360-61 (11th Cir. 2006). The BIA and its jurisdiction to review Immigration Judge ("IJ") decisions are created by agency regulations. See 8 C.F.R. § 1003.1 (defining the BIA), 8 C.F.R. § 1003.39 (providing that the IJ's decision becomes final when an alien waives appeal).

We conclude that we have jurisdiction here because the agency regulations, not statutory law, provided the source of the BIA's authority; hence, any discretion the BIA exercised was pursuant to regulation. We accordingly turn to the second issue presented, the waiver issue.

Petitioner argues that his appeal waiver was unknowing and involuntary, and that the BIA should have allowed him an opportunity to file a brief before concluding that the waiver was knowing and intelligent. He also argues that his withdrawal of his application for asylum was unknowing and involuntary. The only reason he withdrew the application was the duress the Department of Homeland Security's ("DHS's") threat of immediate detention – after the DHS "sandbagged" him at his hearing before the IJ with new information about the potentially fraudulent nature of his application. DHS's presentation of this

information, he submits, should have occurred prior to the commencement of the hearing.

In addition to contending that the withdrawal of his asylum application was not knowing and voluntary, petitioner submits that the IJ erred in informing him of his appellate rights because the IJ did not explain (1) his appeal rights regarding denial of asylum or denial of a continuance and (2) the distinction between granting 120 days for voluntary departure, which required an appeal waiver, and granting 60 days for voluntary departure, which did not require an appeal waiver. As a result of the IJ's error, he incorrectly believed that he had no choice but to waive his appeal by not discussing the possibility of granting 60 days for voluntary departure.

The sum and substance of petitioner's arguments is that the manner in which the IJ and the BIA handled his case deprived him of due process of law. He therefore asks that we vacate the BIA's decision and remand the case full consideration of the merits of his asylum application.

We review due process challenges de novo. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). The BIA's factual findings are reviewed under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir. 2001). Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record

4

considered as a whole." Id. at 1284. "To reverse a factual finding by the BIA, this Court must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record also may support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Denying an administrative appeal to an alien violates due process, at least insofar as the administrative determination plays "a critical role in the subsequent imposition of a criminal sanction." United States v. Mendoza-Lopez, 481 U.S. 828, 837-38, 107 S.Ct. 2148, 2155, 95 L.Ed.2d 772 (1987). An alien may waive the right to appeal, however, provided that the alien's decision is knowing and intelligent. See id. at 840, 107 S.Ct. at 2156 (noting an invalid waiver was "not considered or intelligent"). Although we have not explicitly addressed waiver of appeal rights in the immigration context, it appears that such waivers also must be voluntary. See United States v. Bushert, 997 F.2d 1343, 1351 (direct criminal appeal, holding that a waiver of appellate rights must be knowing and voluntary). The voluntariness of the alien's decision is a distinct inquiry from whether the alien's decision is knowing and intelligent. See Moran v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140-41, 89 L.Ed.2d 410 (1986) (noting, in the context of a

5

habeas petitioner's Fifth Amendment claim, the distinction between and voluntary choice and a knowing and intelligent choice).

Having reviewed the administrative record, we conclude that substantial evidence supports the BIA's determination that petitioner's appeal waiver was valid. The record shows the IJ warned petitioner that withdrawal of his application for relief would be final and that there would be no appeal. Moreover, petitioner repeatedly confirmed that he understood what was taking place at the hearing. He received the advice of counsel and stated that he was satisfied with that advice. Accordingly, the petition is due to be denied.

PETITION DENIED.