[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12112
Non-Argument Calendar

_____

BIA Nos. A96-292-484 & A96-292-485

OLMA LILIANA RICAURTE RODRIGUEZ,
NESTOR FABIO ARBELAEZ,
MATEO ARBELAEZ RICAURTE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 27, 2006)

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioners Olma Liliana Ricaurte Rodriguez ("Ricaurte") and Nestor Fabio

Arbelaez and their son, Mateo Arbelaez Ricaurte, seek review of: (1) the Board of Immigration Appeals' ("BIA") December 28, 2005, order affirming the Immigration Judge's ("IJ") removal order and dismissing their appeal from the IJ's denial of their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c); and (2) the BIA's March 13, 2006, order denying their motion to reconsider.

## I. Jurisdiction Over BIA's Order Dismissing Petitioners' Appeal

On appeal, Ricaurte primarily argues that the BIA erred in affirming the IJ's order denying her application for asylum and withholding of removal because she demonstrated past persecution and a well-founded fear of future persecution. The government contends that we lack jurisdiction to review the BIA's December 28, 2005, order affirming the IJ's removal order because Ricaurte did not file a timely petition for review from that decision.

"We review questions of subject matter jurisdiction *de novo*." *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1) and (b)(1). We have held that "[s]ince the statutory limit for

2

filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995)). A timely motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. *Stone*, 514 U.S. at 405-06, 115 S. Ct. at 1549 (construing the former 90-day period for filing a petition for review under INA § 106(a)(1), 8 U.S.C. § 1105(a)).

The BIA's final order of removal in this case was issued on December 28, 2005, when the BIA dismissed the petitioners' appeal from the IJ's order denying their application for asylum, withholding of removal, and CAT relief. *See* 8 C.F.R. § 1241.1(a) (providing that "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals"). Although the petitioners filed a timely motion to reconsider the BIA's dismissal of their appeal, the filing did not toll the limitations period for filing a petition for review. Because the petitioners did not file their petition for review until April 7, 2006, more than 30 days after the BIA's initial order dated December 28, 2005, we lack jurisdiction to review the December 28, 2005, order. Accordingly, we do not have jurisdiction over the petition for review to the extent that the petitioners are

3

seeking review of the IJ's order denying asylum, withholding of removal, and CAT relief, or the BIA's initial order dismissing their appeal from the IJ's order. Hence, the only issue on appeal we can review is whether the BIA abused its discretion in denying the petitioners' motion to reconsider, which is discussed below.

## II. Motion to Reconsider

On appeal, the petitioners argue that the BIA erred in finding that Ricaurte did not provide evidence that her son was granted asylum.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Assa'ad v. U. S. Attorney Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error. *See* INA § 240(c)(6); 8 U.S.C. §1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). A motion to reconsider must specify the errors of law or fact in the previous order and be supported by pertinent authority. INA § 240(c)(6)(C); 8 U.S.C. § 1229a(c)(6)(C).

Here, we conclude from the record that the BIA did not abuse its discretion in denying the petitioners' motion to reconsider because (1) the petitioners did not identify any errors of law or fact in the BIA's order dismissing their appeal from the IJ's decision, as required by 8 U.S.C. § 1229a(c)(6)(C) and 8 C.F.R. § 1003.2(b)(1); (2) the majority of the petitioners' brief only contains argument concerning the merits of their claim for asylum and fails to set forth any facts or

4

law relevant to the denial of their motion to reconsider; and (3) the record shows that Ricaurte's nephew was granted asylum, not her son.

For the above-stated reasons, we dismiss the petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**