[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11542
Non-Argument Calendar

_____

BIA Nos.
A96-289-998 & A96-289-999

ADRIANA ROSARIO FUENMAYOR,
CARLOS EDUARDO ORTIZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 5, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Adriana Fuenmayor, a Venezuelan citizen, and her husband, Carlos Ortiz, petition for review of: (1) the BIA's order dismissing their appeal of the IJ's order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (entered September 21, 2005); (2) the BIA's order denying their motion for reconsideration (entered November 30, 2005); and (3) the BIA's order denying their motion to reopen (entered February 8, 2006). Fuenmayor, a staunch Catholic and active opponent of the Bolivarian communist regime in Venezuela, claims political persecution. As the lead petitioner, she contends that we should review the IJ's decision because the BIA did not make any of its own findings of fact but merely accepted the IJ's report, which did not articulate a specific credibility finding.

We begin with the BIA's dismissal of Fuenmayor's appeal of the IJ's order and its denial of her motion for reconsideration. We must determine whether we have jurisdiction to review the merits of those actions. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). We review de novo issues of subject matter jurisdiction. Id.

Because Fuenmayor did not petition for review of either decision until March 7, 2006, well after 30 days had lapsed following the BIA's final orders, we lack jurisdiction to consider the merits of these claims. Section 242(b)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252(b)(1), states that a

2

petition for judicial review of a BIA order "must be filed not later than 30 days after the date of the final order of removal." Time limits for judicial review are mandatory and jurisdictional. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). The fact that Fuenmayor filed a motion for reconsideration and a motion to reopen during the 30-day period following each final order does not change our analysis. Filing such a motion has no affect on the finality of the BIA's order and "does not toll the time to petition for review." Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 394–95, 115 S. Ct. 1537, 1544 (1995) (commenting on the predecessor judicial review statute, 8 U.S.C. § 1106(a) (1994)).

As a result, we do not have jurisdiction to review the BIA's dismissal of Fuenmayor's appeal of the IJ's decision or the BIA's dismissal of her motion for reconsideration. Fuenmayor's petition for review was filed three months after the November order and a full five months after the September order. Because the petition was filed well outside the 30-day period following each order, we do not have jurisdiction to consider it.

Only the BIA's denial of Fuenmayor's motion to reopen is properly before us. The BIA refused Fuenmayor's motion to reopen because: (1) her motion to reopen was filed more than 90 days after the BIA's final decision; and (2) the additional evidence presented in support of her motion was either available at the

3

time of her merits hearing or did not show a change in circumstance sufficiently material to merit reopening.

We review the BIA's denial of a motion to reopen for an abuse of discretion. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). "In this particular area, the BIA's discretion is quite broad." Id. (internal quotation omitted). In denying the motion, the BIA must not have acted in an arbitrary or capricious manner. Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985). As a general matter, motions to reopen are disfavored because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992).

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The 90-day time limit does not apply if the motions to reopen is filed on the basis of changed circumstances in the country of the movant's nationality. Id. § 1003.2(c)(3)(ii). To meet this exception, a movant must show material evidence

4

that was not available and could not have been discovered or presented at the previous hearing. Id.

Fuenmayor argues that her motion falls under the "changed circumstances" exception to the 90-day rule. The BIA determined that she failed to present sufficient evidence that the political conditions in Venezuela have materially changed since her asylum hearing. In light of the evidence presented with her motion to reconsider, the BIA's finding was neither arbitrary nor capricious.

The articles and letters submitted showing the conditions in Venezuela did not "meaningfully alter [Fuenmayor's] previous assertions." They offered general information about Venezuelan politics, and much of that information was available at the time of the initial merit hearing. Further, the BIA determined that a list of names of all those who voted against the communist regime in the 2004 referendum as well as the other evidence offered did not show that political conditions in Venezuela had changed substantially for someone in Fuenmayor's position since its final decision. This finding did not constitute an abuse of discretion.

Accordingly, the BIA did not err in denying Fuenmayor's motion to reopen. The motion was untimely and did not fall within the "changed circumstances" exception to the 90-day rule.

**PETITION DISMISSED IN PART, DENIED IN PART.**