[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11843
Non-Argument Calendar

_____

BIA No. A70-908-631

XIN WEN CHI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 30, 2007)**

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Xin Wen Chi, a Chinese citizen, petitions for review of the Board of Immigration Appeals' ("BIA's") orders dismissing his appeal from the Immigration Judge's ("IJ's") order denying his application for asylum and withholding of removal and affirming, without opinion, the IJ's order denying his application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT relief"), 8 U.S.C. § 1158, 1231, 8 C.F.R. § 208.16(c). On appeal, Chi argues that the IJ's orders denying his applications for asylum, withholding of removal, and CAT relief are not supported by substantial evidence.

## A. Asylum and Withholding of Removal

Chi argues on appeal that the IJ erred in determining that his testimony was incredible in his first asylum hearing. Chi argues that he is eligible for asylum because he had a well-founded fear that he would be persecuted if he returned to China for his violation of its family planning policy. Chi also claims that he suffered past persecution and, therefore, established a valid asylum claim. The government responds that we lack jurisdiction to review the IJ's decision denying Chi's asylum and withholding of removal claims because Chi did not seek timely review of the denial of these claims.

2

We retain jurisdiction to determine whether or not subject matter jurisdiction exists. See Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). We review "questions of subject matter jurisdiction de novo." Id.

A petition for judicial review of a BIA order must be filed no later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1); INA § 242(b)(1). Time limits for judicial review are mandatory and jurisdictional and are not tolled by the filing of a motion to reopen or for reconsideration. Dakane v. U.S. Atty. Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005); see also Stone v. INS, 514 U.S. 386, 394-95, 115 S.Ct. 1537, 1544 (1995) (commenting on the predecessor judicial review statute, 8 U.S.C. § 1105(a)(1994), and finding that the filing of a motion to reconsider does not affect the finality of the order and "does not toll the time to petition for review").

In the instant case, the BIA affirmed the IJ's decision denying Chi's asylum application on August 28, 2001. Chi had 30 days to file a petition for review with us. Chi filed nothing during this time period. Instead, Chi filed a motion to reopen in November 2001. The filing of this motion did not toll the time period for Chi to file his petition for review. Thus, because Chi's petition for review, filed in August 2006, is untimely as to the denial of his asylum application and withholding of removal, we lack jurisdiction to review that denial.

3

**B. Family Planning policy and CAT Relief**

Chi argues on appeal that he is entitled to CAT relief because he and his family were tortured for violating China's family planning policy.

Where, as here, the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final agency determination subject to review. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). When an appellant fails to offer argument on an issue, that issue is abandoned. Sepulveda v. U.S. Att'y Gen, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

In the instant case, the IJ determined in Chi's first asylum hearing that he was incredible and, therefore, could not make out a valid claim for asylum or withholding of removal based on a violation of China's family planning policy. Chi appealed, and the BIA dismissed his appeal in August 2001. After the BIA granted his motion to reopen, Chi asserted that he was entitled to CAT relief based on his violation of family planning policy. However, the IJ did not consider the merits of this claim, but rather determined that the collateral estoppel doctrine precluded her from considering it, in light of the first IJ's factual findings on the issue.

In this appeal, Chi does not attack the IJ's collateral estoppel finding. While Chi repeats his previous argument that he is eligible for CAT relief because he violated the family planning policy, at no point does he address the IJ's legal

4

determination that she was estopped from considering the family planning claim. By failing to address the IJ's collateral estoppel decision, Chi has not shown that the decision was unsupported by the record and, thus, has abandoned his family planning claim.

## C. Chinese Emigration Law and CAT Relief

Chi argues on appeal that he is eligible for CAT relief because he would be tortured if he returned to China because of his violation of China's emigration laws.

Where the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final agency determination subject to review. Mendoza, 327 F.3d at 1284 n.1. To the extent the IJ's decision was based on legal determinations, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, and we must affirm the IJ's decision "if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). The substantial evidence test is deferential and does not allow re-weighing the evidence from scratch. Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

5

To qualify for withholding of removal under Article Three of the CAT, the applicant must show that it is more likely than not that he will be tortured if returned to the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). CAT relief carries a higher legal standard than asylum and thus is very difficult to meet. Al Najjar, 257 F.3d at 1303. In considering what forms of physical abuse rise to the level of "torture" under the CAT, we have upheld the BIA's determination that prison police brutality, such as beatings with fists, sticks, and belts, did not rise to the level of torture. Cadet v. Bulger, 377 F.3d 1173, 1194-95 (11th Cir. 2004) (distinguishing cruel, inhuman and degrading police brutality from torture under the CAT). Also, torture "does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions. Lawful sanctions include judicially imposed sanctions and other enforcement actions authorized by law, including the death penalty, but do not include sanctions that

6

defeat the object and purpose of the [CAT] to prohibit torture." 8 C.F.R.

§ 208.18(a)(3).

Here, substantial evidence supports the IJ's conclusion that Chi did not show

that it is more likely than not that he will be tortured if returned to China. First, the

individual examples that Chi presented to the IJ of individuals who were returned

to China did not allege acts that constituted torture within the meaning of CAT

relief. Chi presented a letter stating that a repatriated Chinese man was beaten,

fined, imprisoned, and "tortured." Further, Chi testified that his friend, Yung, was

beaten and imprisoned upon return to China. Chi also testified that 80 to 90

percent of people returning to China were beaten. This evidence is unspecific.

Further, we have upheld a BIA determination that beatings with fists, sticks, and

belts during imprisonment did not rise to the level of torture.

Second, substantial evidence supports the IJ's determination that Chi's

potential imprisonment for violation of China's emigration laws would not amount

to torture within the meaning of the CAT. Chi presented evidence that he could be

imprisoned for one year for secretly crossing China's border. However, the laws

appear to be directed at the dangers of smuggling. Moreover, Chi provides no

evidence that these laws and sanctions are intended to facilitate torture of

returnees. Thus, because the laws and sanctions do not defeat the object and

purpose of the CAT, they do not constitute torture. Further, Chi points to no place

7

in the record showing that the torture of returnees is so widespread that he will most likely be tortured.  Accordingly, we dismiss the petition in part, and deny it in part.

**PETITION DISMISSED IN PART, AND DENIED IN PART.**