[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10170
Non-Argument Calendar

_____

BIA No. A96-279-490

SANJAYA WIBOWO THE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 29, 2007)**

Before BIRCH, DUBINA  and BARKETT, Circuit Judges.

PER CURIAM:

Sanjaya Wibowo The, a native and citizen of Indonesia, appeals, through

counsel, for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") removal order, denying his claim for asylum as time-barred, and rejecting his claim for withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The argues that the BIA erred in rejecting his claims for asylum and withholding of removal under the INA because he was persecuted as a Chinese Christian. The contends that changed the circumstances in Indonesia make it more difficult for him to return. The also argues that the three incidents he described in his testimony—two of which involved general rioting and one of which involved a mob attack—established past persecution and a well-founded fear of future persecution. After careful review, we deny his petition.

*I. Asylum*

We first address our own subject-matter jurisdiction. We review matters of subject-matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). Absent "the existence of changed circumstances which materially affect [an] applicant's eligibility for asylum or extraordinary circumstances relating to the delay," asylum applications must be filed within a year of an applicant's arrival in the United States. INA § 208(a)(2)(B) & (D), 8 U.S.C. § 1158(a)(2)(B) & (D). Determinations with regard to this requirement

2

are outside of our jurisdiction.  INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).  Consequently, we lack jurisdiction to review "a decision regarding whether an applicant complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing."  Mendoza, 327 F.3d at 1287.  Jurisdictional provisions in the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, 310 (2005), do not affect this jurisdictional rule.  Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005).

The arrived in the United States sometime in 1998.[1]  He filed his application for asylum in January 2003, long after the one-year window had closed.  His only explanation for this delay was that he did not understand how to file. Standing alone, this is not the kind of an "extraordinary circumstance" that would excuse such an untimely filing. The BIA accordingly denied The's asylum claim as untimely and found that he failed to establish any exception to excuse the untimeliness.  As a result, we do not have jurisdiction to consider The's asylum claim and dismiss the petition in this regard.

II. *Withholding of Removal*

---

[1] There is some confusion as to whether he arrived on August 31 or October 1 of that year, but in either case his application was untimely by at least four years.

3

When the BIA issues a decision, we review only that decision, "except to the extent that the BIA expressly adopts the IJ's" decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA did not expressly adopt the IJ's decision, but rather relied on its own reasoning. Therefore, we review only the BIA's decision. "To the extent that the BIA's decision was based on a legal determination, this court's review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The BIA's factual determinations are reviewed under the substantial evidence test, and this Court must affirm the BIA's decisions "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotations omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotations omitted). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or

4

tortured upon his return to the country in question." Mendoza, 327 F.3d at 1287. If credible, a petitioner's testimony may be enough to satisfy this burden without corroboration. Id.

If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country, unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country, and it would be reasonable to expect him to do so. 8 C.F.R. § 208.16(b). An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country. Id. An alien may also show that there is a "pattern or practice of persecution" and that it is more likely than not that he will be persecuted upon his return. See 8 C.F.R. § 208.16(b)(2)(i),(ii). To establish a "well-founded fear," "an applicant must demonstrate that his fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289 (discussing well-founded fear as it applies to asylum). If the BIA finds, however, that the alien could avoid a future threat by relocating to another part of his country, he cannot demonstrate a well-founded fear of persecution. See 8 C.F.R. § 208.16(b)(1)-(2); Mazariegos, 241 F.3d at 1327. "The weaker an applicant's testimony, the greater the need for

corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

In assessing past persecution we are required to consider the cumulative impact of the mistreatment The suffered. Ruiz v. U.S. Att'y Gen., 479 F.3d 762, 766 & n.2 (11th Cir. 2007). In this case, even considered cumulatively, the three incidents described by The did not demonstrate that it is more likely than not that he would be persecuted or tortured upon his return to Indonesia. Mendoza, 327 F.3d at 1287. The escaped each of these incidents—which were spread out over many years—with only minor injuries, and was never detained for any extended period of time. Accordingly, The failed to show that it was more likely than not that he would be persecuted if he returned to Indonesia. Because the evidence does not compel a contrary result, we affirm the BIA's denial of withholding of removal.[2]

*III. Conclusion*

After careful review of the record and the parties' briefs, we dismiss The's petition as to his asylum claim and deny his petition as to his withholding of removal claim.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[2] The does not argue for CAT relief on appeal and only makes a passing reference to it in his brief. Therefore, he has abandoned this argument.