[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 08-12324
Non-Argument Calendar

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2008
THOMAS K. KAHN
CLERK

Agency No. A98-477-619

NENG SHENG ZHENG,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

———————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

———————————————

(December 16, 2008)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Neng Sheng Zheng, a native and citizen of the People's Republic of China (China), appeals the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). Zheng asserts he is entitled to asylum and withholding of removal because he was persecuted in China based on his violation of China's family planning policy and his practice of Falun Gong. The Government argues we lack jurisdiction over his asylum claims because the BIA determined Zheng had not filed his application within one year of entering the United States. After review, we conclude we lack jurisdiction to review the BIA's conclusion Zheng failed to file his asylum application within one year. We do have jurisdiction to review Zheng's claim for withholding of removal, however, and because the BIA failed to consider Zheng's corroborating evidence, we remand for consideration of such evidence in evaluating Zheng's claim for withholding of removal.

I.

We review our subject-matter jurisdiction *de novo*. *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). An alien may apply for asylum if "the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C.

2

§ 1158(a)(2)(B). An alien may apply for asylum more than one year after arrival if the alien "demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). "No court shall have jurisdiction to review any determination" an application was untimely or failed to establish changed or extraordinary circumstances to excuse the delay. 8 U.S.C. § 1158(a)(3). We have held § 1158(a)(3) divests our jurisdiction to review the BIA's determination an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse the untimely filing. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

According to the REAL ID Act of 2005, we retain jurisdiction to review legal or constitutional claims. REAL ID Act of 2005, § 106(a), H.R. 1268, 109th Cong., Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005).[1] However, the "timeliness of an asylum application is not a constitutional claim or question of law covered by the REAL ID Act's changes. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005).

---

[1] Section 106(a) of the REAL ID Act applies to all claims filed before, on, or after the REAL ID Act's enactment date of May 11, 2005. *See* Real ID Act § 106(b); 8 U.S.C. § 1252.

3

Zheng does not address whether this Court has jurisdiction over the BIA's conclusion his asylum application was untimely. Accordingly, Zheng has abandoned this issue. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001) (stating issues not argued in the initial brief on appeal are deemed abandoned). Even if Zheng had not abandoned this issue, our jurisdiction would be limited by 8 U.S.C. § 1158(a)(3) because the timeliness of an asylum application is not a legal or constitutional question. Because the BIA determined Zheng filed his asylum application more than one year after his arrival of the United States, and Zheng did not prove extraordinary circumstances, this Court lacks jurisdiction to review the BIA's decision regarding the timeliness of Zheng's application.

## II.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar*, 257 F.3d at 1284. "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, the BIA affirmed the IJ's decision without adopting it, and we will review the BIA's decision.

To the extent the BIA's decision was based on a legal determination, our review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). However, factual determinations are reviewed under the substantial

4

evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1283-84 (quotation omitted). We review credibility determinations under the substantial evidence test and "may not substitute [our] judgment for that of the BIA with respect to credibility findings." *D-Muhumed*, 388 F.3d at 818. Like any finding of fact, a credibility determination may not be overturned unless the record compels it. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (citations and quotations omitted).

If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. *Forgue*, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Id*. However, under this standard, "an adverse credibility determination does not alleviate the [BIA]'s duty to consider other evidence produced by an asylum applicant." *Id*. If an applicant produces evidence beyond his own testimony, "it is not sufficient for the [BIA] to rely solely on an adverse credibility determination in those instances." *Id*.

Here, Zheng offered several items of evidence to support his application for withholding of removal, including, *inter alia*, a letter from his wife, two personal statements, his friends' affidavits, and articles supporting the existence of

persecution for violating the family planning policy and practicing Falun Gong. After finding Zheng not credible, the BIA did not mention or evaluate this additional, corroborating evidence offered by Zheng. Because the BIA did not consider this evidence, it committed error. *See Forgue*, 401 F.3d at 1287. Accordingly, we remand to the BIA to consider Zheng's corroborating evidence in evaluating his claim for withholding of removal.

**PETITION DISMISSED IN PART, GRANTED IN PART.**

6