[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11268
Non-Argument Calendar

_____

Agency No. A98-873-559

GUILLERMO GONZALO GUERRA SANCHEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 8, 2009)**

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Guillermo Gonzalez Guerra Sanchez, a citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of withholding of removal and granting voluntary departure. After review, we grant in part and deny in part the petition.

## I. BACKGROUND

Guerra Sanchez entered the United States without authorization on or about September 15, 1998. On November 10, 2005, the Department of Homeland Security issued a Notice to Appear charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Guerra Sanchez filed an application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), claiming that he was persecuted in Guatemala because of his political opinion and race.

According to his application and hearing testimony, Guerra Sanchez was a shoemaker in Guatemala. In 1996, Guerra Sanchez campaigned for a political party, XEL.JU, and its mayoral candidate in Quetzaltenango, Guatemala's second largest city. The mayoral candidate, like Guerra Sanchez, was of Mayan descent and promised change for the city's indigenous people who made up half the population. As a campaign volunteer, Guerra Sanchez handed out cards and pens to the public.

After Guerra Sanchez's candidate won the election, Guerra Sanchez received

2

two threats from members of the opposing PAN party who lived in his neighborhood. In 1997, Guerra Sanchez was playing in a soccer tournament, and spectators who were PAN members passed by and threatened him. In August 1997, windows on his unoccupied house were broken and graffiti signed by the PAN was painted on the house stating, "the next one is you." A neighbor told Guerra Sanchez she saw two individuals vandalize his home. Guerra Sanchez became frightened and left for the United States on September 1, 1998, leaving his wife and children in Guatemala.

At the hearing, Guerra Sanchez conceded removability and, when asked, stated that he would not voluntarily leave the United States. The IJ denied Guerra Sanchez withholding of removal.[1] With regard to the alleged past persecution events, the IJ found Guerra Sanchez credible, but concluded that the incidents he described did not constitute persecution. The IJ also found Guerra Sanchez had not established future persecution. The IJ noted that although Mayans suffered from discrimination, they had made recent progress as evidenced by the fact that Guerra Sanchez's mayoral candidate had been twice elected mayor of the country's second largest city and was running for president. The IJ also noted that Guerra Sanchez

---

[1]In addition, the IJ denied Guerra Sanchez asylum because his asylum application was untimely and denied CAT relief because there was no acquiesce by a Guatemalan official to any harm Guerra Sanchez had suffered or might suffer. Guerra Sanchez does not challenge these rulings in his petition for review. Thus, we address only Guerra Sanchez's claim for withholding of removal.

did not have a personal relationship with the mayor, but was one of many campaign workers. Finally, the IJ concluded that Guerra Sanchez was ineligible for voluntary departure because he would not leave the United States voluntarily.

The BIA affirmed the IJ's denial of withholding of removal and explained that "[t]he few threats and vandalism [Guerra Sanchez] experienced do no[t] rise to the level of persecution." The BIA agreed with the IJ that "considering the low level of [Guerra Sanchez's] political activities, the passage of time and the possibility of relocation within Guatemala," Guerra Sanchez's had not shown a likelihood of future persecution. Further, although Guerra Sanchez had not sought it, the BIA also granted voluntary departure and ordered Guerra Sanchez to depart within 60 days of the order or risk removal and civil penalties. This petition for review followed.

## II. DISCUSSION

An alien seeking withholding of removal must show that his life or freedom would be threatened because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). In other words, the alien has the burden of proof to show that he "more-likely-than-not" would be persecuted on account of a protected ground if returned to the country in question. See id. To establish eligibility, the alien must show

4

either that he suffered past persecution or that he has a well-founded fear of future persecution. See 8 C.F.R. § 208.16(b)(1)-(2); Mendoza, 327 F.3d at 1287.

Although the INA does not define persecution, we have described persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation marks omitted). Menacing telephone calls and verbal threats, without more, do not amount to persecution. Id.

Here, substantial evidence supports the finding that the two incidents did not constitute persecution.[2] One incident consisted of verbal intimidation and the other vandalism of Guerra Sanchez's property coupled with a vague warning in graffiti. Neither incidents involved any physical harm or attempted physical harm. We cannot say the record compels a conclusion that Guerra Sanchez suffered past persecution.

Substantial evidence also supports the finding as to likelihood of future persecution. The two past incidents occurred because Guerra Sanchez provided admittedly low level support to a mayoral candidate ten years ago. The PAN

---

[2]We review only the BIA's decision, except where the BIA's decision explicitly relies upon the IJ's reasoning, in which case we review both the IJ's and the BIA's decisions. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review a factual determination that an alien is statutorily ineligible for withholding of removal under the substantial evidence test. Id. at 1283-84. Under the substantial evidence standard, "we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

5

neighbors who threatened him have not contacted him or his family since 1998. Although the 2004 Country Report indicates that indigenous people still experience discrimination in Guatemala, there is no mention of politically motivated attacks by the PAN on members of the XEL.JU or on Mayan campaign workers or political activists. Moreover, Guerra Sanchez did not show that he faced persecution even if he relocated to another part of the country. In light of these facts, the record does not compel a finding that Guerra Sanchez would, more likely than not, be persecuted if returned to Guatemala.

Although the denial of withholding of removal is supported by substantial evidence, the BIA's sua sponte grant of voluntary departure is not supported by the record.[3] The Attorney General may grant voluntary departure to aliens who meet certain eligibility requirements, one of which is that the alien must show "by clear and convincing evidence that [he] has the means to depart the United States and intends to do so." INA § 240B(b)(1)(D); 8 U.S.C. § 1229c(b)(1)(D). The only evidence regarding Guerra Sanchez's intent to depart the United States is his hearing testimony that he would not leave voluntarily. Thus, there is no showing

---

[3]Although we lack jurisdiction to review the discretionary decision whether to grant voluntary departure, INA § 242(a)(2)(B); 8 U.S.C. § 1252(a)(2)(B), we retain jurisdiction to review non-discretionary legal determinations as to statutory eligibility for discretionary relief. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We review the BIA's factual findings for substantial evidence. Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). However, our review is limited to only whether the petitioner meets the eligibility requirements. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

6

that Guerra Sanchez has the means to depart the United States and intends to do so. Because Guerra Sanchez is not eligible for voluntary departure, we grant Guerra Sanchez's petition as to this issue, and reverse the BIA's grant of voluntary departure.[4]

**PETITION DENIED IN PART, GRANTED IN PART.**

---

[4]We reject the government's argument that Guerra Sanchez lacks standing to challenge the BIA's voluntary departure ruling.